# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronald W. Holcomb,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0172** (Mercer County 18-C-282)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ronald W. Holcomb, self-represented, appeals the February 7, 2019, order of the Circuit Court of Mercer County denying his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2007, petitioner was indicted in the Circuit Court of Mercer County on the separate offenses of first-degree murder and abuse by a parent resulting in the death of a child. Petitioner proceeded to trial, and the jury found him guilty of the lesser-included offense of second-degree murder and abuse by a parent resulting in the death of a child. By order entered on July 31, 2009, the circuit court sentenced petitioner to a determinate term of forty years of incarceration for each offense of which he was convicted and ordered that petitioner serve the sentences consecutively. Petitioner appealed his convictions. By order entered on November 18, 2010, this Court refused petitioner's appeal. On February 27, 2012, petitioner filed his first petition for a writ of habeas corpus in the circuit court. Petitioner was denied habeas corpus relief, and we affirmed that denial in 2017. *See Holcomb v. Ballard*, No. 16-1176, 2017 WL 4772896 (W. Va. Oct. 23, 2017) (memorandum decision).

On October 11, 2018, petitioner, pro se, filed a second petition for a writ of habeas corpus in the circuit court. Petitioner raised thirteen grounds for relief and reserved the right to raise additional grounds if later discovered. Of the thirteen grounds for relief, two asserted that West

1

Virginia Code § 61-8D-2a(a), which sets forth the offense of abuse by a parent resulting in the death of a child, was unconstitutional for nonsensical reasons.[1] Petitioner also asserted that his sentences were unconstitutionally disproportionate, even though that principle does not apply to his case.[2] Petitioner further asserted ineffective assistance of trial counsel, habeas counsel, and/or habeas appellate counsel. In addition, petitioner argued that he had the right to file a successive habeas petition, alleging that he was not adequately advised of his obligation under *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), to raise all applicable habeas grounds in the omnibus proceeding or have them waived. By order entered on February 7, 2019, the circuit court rejected petitioner's contention that habeas counsel failed to adequately discuss the *Losh* checklist with him,[3] determined that petitioner's allegations of ineffective assistance of habeas counsel could be summarily denied based on the record, and found all other grounds barred by the doctrine of res judicata, as previously adjudicated and/or waived in the *Holcomb* habeas proceeding.

Petitioner now appeals the circuit court's February 7, 2019, order. This Court reviews circuit court orders denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's *second* habeas petition, we first consider the application of Syllabus Point 4 of *Losh*:

---

[1]Petitioner first argued that the Legislature's enactment of West Virginia Code § 61-8D-2a(a) constituted a bill of attainder but failed to explain how he was subjected to "trial by legislature." *Baker v. Civil Service Comm'n*, 161 W. Va. 666, 677, 245 S.E.2d 908, 914 (1978) (quoting *U.S. v. Brown*, 381 U.S. 437, 442, 85 S.Ct. 1707, 1712, 14 L.Ed.2d 484, 488 (1965)). Petitioner further argued that, while first-degree murder and abuse by a parent resulting in the death of a child constitute separate offenses, the elements of the child abuse offense needed to be "harmonized" with those of first-degree murder for West Virginia Code § 61-8D-2a(a) to be constitutional.

[2]"While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

[3]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh* where we set forth the most common grounds for habeas relief. *See* 166 W. Va. at 768-70, 277 S.E.2d at 611-12.

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly[-]discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

166 W. Va. at 762-63, 277 S.E.2d at 608.

Petitioner argues that the doctrine of res judicata does not apply to this case by alleging that he was not adequately advised of his obligation under *Losh* to raise all applicable habeas grounds in the omnibus proceeding or have them be deemed waived. Based on our review of the December 12, 2014, omnibus hearing transcript, the *Losh* checklist was discussed twice. First, during habeas counsel's examination of a witness, respondent's counsel questioned if petitioner was alleging an error in the grand jury presentation. Habeas counsel responded that petitioner did not waive that ground on the *Losh* checklist. Second, during petitioner's testimony, the circuit court asked petitioner if he met with habeas counsel to discuss the *Losh* checklist and whether petitioner checked "all the issues that [petitioner] wanted [habeas counsel] to raise in [the] habeas corpus petition." Petitioner answered affirmatively to both questions. Therefore, we find that petitioner was adequately advised of his obligation to raise all applicable habeas grounds in the omnibus proceeding.

Petitioner further argues that the circuit court should have held an evidentiary hearing and appointed counsel regarding his ineffective assistance of habeas counsel claims.[4] In Syllabus Point 3 of *Anstey*, we held:

"'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary

---

[4]In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

"Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

237 W. Va. at 412, 787 S.E.2d at 864. Here, based on our review of both the record and our decision in *Holcomb*, we find that petitioner's ineffective assistance of habeas counsel allegations were insufficient to warrant an evidentiary hearing and the appointment of counsel.

Finally, petitioner argues that the circuit court failed to make specific findings of fact and conclusions of law with regard to each ground for relief raised in his petition. In Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), we held that "West Virginia Code [§] 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Here, we find that the circuit court's findings satisfied the requirement set forth in Syllabus Point 1 of *Watson* where it (1) rejected petitioner's contention that habeas counsel failed to adequately discuss the *Losh* checklist with him; (2) determined that petitioner's allegations of ineffective habeas counsel could be summarily denied based on the record; and (3) found all other grounds barred by the doctrine of res judicata, as previously adjudicated and/or waived in the *Holcomb* habeas proceeding. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition.

For the foregoing reasons, we affirm the circuit court's February 7, 2019, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4